IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDY HOWARD GLIDDEN,

                Plaintiff,

      v.

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

OPINION AND ORDER

19-cv-665-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Randy Howard Glidden seeks review of a final decision denying his claims for disability insurance benefits and supplemental security income under the Social Security Act. 42 U.S.C. § 405(g). The administrative law judge hearing his case found that plaintiff had the severe impairments of spine disorder and asthma/chronic obstructive pulmonary disease (COPD), but could still perform work in the national economy. Plaintiff contends that the administrative law judge erred in assessing his back condition by ignoring his subjective complaints of pain caused by his advanced spondylolisthesis at L5-S1, and by "cherry-picking" the record. In addition, plaintiff says that the administrative law judge's demeanor evidenced "some degree" of hostility toward him and that this hostility tainted her credibility findings. After reviewing the record, I find plaintiff's arguments unpersuasive. Therefore, I will affirm the commissioner's decision.

       The following facts are drawn from the administrative record (AR).

1

BACKGROUND

Plaintiff Randy Howard Glidden met the insured status requirements of the Social Security Act through June 30, 2018.  He claims not to have engaged in any substantial gainful activity since January 1, 2016, his alleged onset date.  After his application was denied initially and on reconsideration, he asked for and was granted a hearing before an administrative law judge, which took place on August 2, 2018.  On October 17, 2018, the administrative law judge ruled that plaintiff was not disabled but was capable of performing his past relevant work as an inspector/packager and assembler.  AR 16-24.

Originally, plaintiff alleged a variety of problems, including depression, anxiety, breathing difficulties, herniated discs in his back, back pain and learning and reading disabilities, but he now alleges only spondylolisthesis.  AR 20.  He describes this as a spinal condition that affects the lower vertebrae, causing one of the lower vertebrae to slip forward into the bone directly below it.  He adds that the condition is painful, but treatable in most cases (www.healthline.com/health/spondylolisthesis).  (The administrative law judge found that both plaintiff's back pain and COPD were severe impairments, but plaintiff discusses only spondylolisthesis, so I will do the same.)

In analyzing plaintiff's eligibility for Social Security benefits, the administrative law judge followed the sequential evaluation of disability set out in the regulations.  20 C.F.R. § 416.920.  At step one, she found that plaintiff had not been engaged in substantial gainful activity since January 1, 2016.  At steps two and three, she found he had the severe impairments of spine disorder and asthma/chronic obstructive pulmonary disease and these

2

impairments significantly limited his ability to perform basic work activities, but neither of them met or equaled the severity of a listed impairment in 29 C.F.R. Pt. 404, Subpt. P, App. 1. At step four, she found plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 414.976(b),

> except to frequently climb ramps and stairs; occasionally climb ladders/ropes/scaffolds; frequent balancing; occasional kneeling, crouching and crawling; avoid concentrated exposure to unprotected heights and moving mechanical parts along with dust, gases, odors, fumes and poor ventilation; can change position as necessary every hour but only be off tasks less than 10% of the day.

AR 19. In making this finding, the administrative law judge had to first consider all of plaintiff's symptoms to determine whether there was an underlying medically determinably physical or mental impairment that could reasonably be expected to cause plaintiff's pain or other symptoms. Id. If that was shown, she had to evaluate the intensity, persistence and limiting effects of the pain or other symptoms to determine the extent to which they limited his functional limitations. AR 19-20.

At steps four and five, the administrative law judge found that plaintiff's allegations of depression, anxiety, breathing difficulties, herniated disc, back pain and learning and reading disabilities could reasonably be expected to cause the symptoms he alleged, but that his statements about the intensity, persistence and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 20. As she noted, plaintiff's back pain and breathing problems were controlled with medication, his examinations showed no significant deficits and he did not comply with recommended treatment, such as stopping smoking. Id.

3

The administrative law judge observed that plaintiff's record showed evidence prior to his alleged onset date of having been active, using machinery and mowing grass (as shown by a reported injury to his hand from a metal grinding wheel in August 2013 and an injury to his finger from a mower blade in October 2015), but it did not show any record of visits to doctors for back pain prior to his alleged onset date.  AR 20.  Plaintiff alleged an onset date in January 2016, when he experienced back pain after shoveling snow.  At the time, he was smoking a pack of cigarettes every day, his breathing was found to be unlabored without audible wheezes or rales, "slight side bending and rotation at L5-S1" and he was able to raise both legs off the exam table.  Id.

The administrative law judge concluded that plaintiff was capable of performing his past relevant work as an inspector/packager and assembler and that this work did not require the performance of work-related activities that plaintiff's residual functional capacity would preclude.  AR 23.  In reaching this conclusion, she relied on a vocational expert, who testified that a person with plaintiff's education, age, work history and the residual functional capacity limitations noted by the administrative law judge would be able to perform the jobs plaintiff had performed in the past as they were actually and generally performed.  AR 23-24.

OPINION

Plaintiff contends that when the administrative law judge reviewed his medical record, she did not assess his subjective complaints of pain properly, as these related to his

4

spondylolisthesis, and she did not follow SSR 16-3p, which directs an administrative law judge to begin an analysis of a claimant's complaints of pain by considering whether "there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the individual's symptoms, such as pain."  20 C.F.R. § 404.1529.  Plaintiff says that, in his case, no consideration was given to his need for long term use of narcotic pain medication, his limited ability to do any kind of work (including housework), his leaving the house only once a day and limiting his travel, his need to lie down for one or two hours each day and his limited household activities and ability to sit and stand for any period.  He also complains that the administrative law judge did not take into account his need for a walker that arose after he kept tripping when he tried to use a cane.

Contrary to plaintiff's contentions, the administrative law judge considered his allegations regarding the location, duration, frequency and intensity of his pain and the effects on his functioning.  However, she found the objective medical evidence inconsistent with plaintiff's reports.  The administrative law judge offered the following explanations for why she did not give weight to plaintiff's complaints:  he told his treatment providers that his medication controlled his back pain with no side effects, AR 21 (citing, e.g., AR 531, 539 and 550); he refused to try physical therapy and yoga for his back or to adjust his medications; and he reported to his medical providers that he was able to garden, do yard work and walk a mile to Walmart.  In addition, although plaintiff said he had used a cane for a few years because of his back pain, his treatment record showed that he had not used

one from January 2016 to May 2018.  At an examination in May 2016, he was observed walking with a mildly antalgic gait and a mild limp, AR 20-21 (citing AR 480-81), but his treatment records do not show that he limped at any other time.  These reasons are well-founded.  Thus, it was reasonable for the administrative law judge to conclude that the record did not fully support plaintiff's statements about his subjective symptoms.

Plaintiff challenges what he says was the administrative law judge's failure to elicit an explanation of the injuries he alleges he sustained while shoveling snow in January 2016.  However, it is plaintiff who bears the burden of proving that he is disabled, Summers v. Berryhill, 864 F.3d 523, 527 (7th Cir. 2017), and he did not explain why he would have been shoveling snow at a time when he said he required a cane to ambulate.

Plaintiff also argues that the administrative law judge "cherry-picked" the record in evaluating his subjective complaints, in violation of her duty to "consider all the relevant medical evidence" and not ignore "evidence that points to a disability finding."  Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010).  Specifically, plaintiff complains that she paid no attention to the evidence that his back pain reading shot up to a high reading of 8/10 at the beginning of December in 2016.  However, as the administrative law judge explained, plaintiff's unusually high reading was obtained shortly after a person he considered a friend had attacked him in his home and stolen his oxycodone.  AR 21 (citing AR 535).

Finally, plaintiff contends that the administrative law judge exhibited bias toward him at his hearing.  However, as he recognizes, it is difficult to establish bias sufficient to warrant a new hearing.  The presumption is that the administrative law judge is unbiased, which

means that to succeed on the claim, plaintiff must prove that she "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." Keith v. Barnhart, 473 F.3d 782, 788 (7th Cir. 2007) (quoting NLRB v. Webb Ford, Inc., 689 F.2d 733 (7th Cir. 1982)). Plaintiff concedes that the hearing testimony in this case "may not reach the level of 'deep-seated and unequivocal antagonism,'" but he says that it shows a level of hostility that merits remand and reassessment of plaintiff's credibility. Dkt. #12, at p. 13.

Plaintiff's contention is undercut by a reading of the transcript of the hearing before the administrative law judge. At most, the transcript shows that the administrative law judge may have displayed annoyance when plaintiff's answers were incomplete or he attempted to evade her questions, but this does not establish hostility. Her impatience did not amount to "deep-seated and unequivocal antagonism."

In sum, I conclude that the administrative law judge's decision was thorough and correct and that she explained her analysis of the evidence with enough detail and clarity to permit meaningful appellate review. Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). I also conclude that she did not demonstrate "profound bias," which is what is required for reversal of her decision. Prince v. Colvin, No. 13-cv-558, 2015 WI 410338, at *4 (W.D. Wis. Jan. 29, 2015). See also Keith, 473 F.3d at 788 ("[W]e begin with the presumption that the hearing officer is unbiased. . . . It is only after a petitioner has demonstrated that the decisionmaker 'displayed deep-seated and unequivocal antagonism that would render fair judgment impossible' that the presumption is rebutted. . . ."). Accordingly, I find the administrative law judge's discussion of plaintiff's case to be adequate

7

and support her decision that plaintiff is not disabled.  Therefore, I will affirm the commissioner's decision denying benefits.

ORDER

IT IS ORDERED that the decision of Andrew W. Saul, Commissioner of Social Security, is AFFIRMED and plaintiff Randy Howard Glidden's appeal is DISMISSED.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 6th day of May, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge